**UNITED STATES of America, Plaintiff,**

v.

**TWO HUNDRED SEVENTY FOUR THOUSAND AND FOUR HUNDRED AND EIGHTY ONE DOLLARS ($274,-481.00) Representing All Monies Available in Account Number 723–6003537 in the Royal Bank of Canada, Hato Rey, Puerto Rico, Defendant.**

**Civ. No. 94–2128CCC.**

United States District Court,
D. Puerto Rico.

Aug. 30, 1995.

**260**

Guillermo Gil, U.S. Attorney, Charles E. Fitzwilliam, Assistant U.S. Attorney, for Plaintiff.

Harry Anduze–Montaño, Hato Rey, PR, for Defendant.

## OPINION & ORDER

CEREZO, Chief Judge.

Plaintiff filed this civil forfeiture suit on August 19, 1994. Notice allowing any person having a claim in this case to state it before the court was published on September 21, 1994 in El Nuevo Día. A warrant of arrest *in rem* was issued and executed upon the *in rem* defendant on October 13, 1994 and the process return form was filed with the Court. The ten day period provided by the Supplemental Rules for Certain Admiralty and Maritime Claims for interested persons to file claims elapsed without any having been filed and on February 6, 1995 the government requested entry of default **(docket entry 6)**. The following day, Silverio Cruz (Cruz) and Repuestos S.A. (Repuestos) opposed the government's motion and requested more time to file a claim of ownership. They alleged that the *in rem* defendant had been the object of a prior administrative seizure in which Cruz had asserted ownership rights. However, Cruz and Repuestos maintain that even though the government knew that Cruz was a citizen of the Domini-

can Republic and the identity and address of his counsel, it elected to attempt service through publication.

On February 13, 1995, Silverio and Repuestos filed a claim of ownership which the government moved to strike **(docket entry 9)** as untimely. On May 4, claimants opposed the government's motion and moved to quash service **(docket entry 13)**. They contend that proper service was never executed because the government chose to publish notice of the forfeiture even though it knew Cruz' residential and business address. The government counters that Cruz and Repuestos have constructive knowledge of the pendency of this action because their counsel, who also represented them in the administrative proceedings, was notified by U.S. Customs on October 21, 1994 with copies of the warrant for service and monition, and with the complaint for forfeiture.

Notice, reasonably calculated under all the circumstances to apprise the interested parties of the pendency of the action, is an elemental and fundamental requirement of due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The Supplemental Rules do not expressly provide for the giving of notice to persons known to have an interest in the property, such as the owner or possessor of the property. *U.S. v. Approximately 2,538.85 Shares of Stock*, 988 F.2d 1281, 1284 n. 4 (1st Cir.1993). However, such notice is constitutionally required, *Id.*, and the Supplemental Rules cannot, on the basis of historical tradition, escape the Due Process Clause of the Fifth Amendment. *MacDougall's Cape Cod v. Christina 40' Vessel*, 900 F.2d 408, 412 (1st Cir.1990).

The Supplemental Rules require the government to give notice only by publication. Fed.R.Civ.P. C(4). Notwithstanding, when the government can reasonably ascertain the name and address of an interested party, notice by publication is not sufficient. *Mullane*, 339 U.S. at 317–18, 70 S.Ct. at 658–59; *U.S. v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1317 (10th Cir. 1994). In those cases the Constitution requires that the government send "[n]otice by

mail or other means as certain to ensure actual notice." *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 800, 103 S.Ct. 2706, 2713, 77 L.Ed.2d 180 (1983). Due process, however, does not require that the interested party actually receive notice; the government satisfies its burden if it acted reasonably in selecting means likely to inform the affected persons. *Weigner v. City of New York,* 852 F.2d 646, 649 (2nd Cir.1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989).

The government cites *Sarit v. U.S. Drug Enforcement Administration Agency,* 987 F.2d 10 (1st Cir.1993) for the proposition that counsel's knowledge is imputed to his clients. In *Sarit,* even though the DEA knew claimant's attorney's address and phone number, it did not contact him to find out claimant's current address, nor did it provide the attorney with notice other than by publication. The First Circuit, in an opinion which does not cite or discuss *Mennonite Bd. of Missions,* held that where the DEA mailed notice to claimant's last known address, and there was no indication that it knew or should have known that the notice would be ineffective, the agency had no duty to take reasonable steps to provide personal notice when the notice was returned unclaimed. *Id.* at 15.

Notwithstanding the fact that *Sarit* has been criticized by at least one commentator for being "wholly out of sync with the Supreme Court's efforts to provide additional procedural safeguards in civil forfeiture cases," David B. Smith, *Prosecution and Defense of Forfeiture Cases,* ¶ 9.03[1] (1985 & Supp.1995), the case is distinguishable. In *Sarit,* there was no dispute that the government sent notice to claimant's last known address, although it was returned unclaimed. *Sarit,* 987 F.2d at 12–13. The Court of Appeals stated that *Mullane* has not generally been interpreted to require that a party make additional attempts beyond notice that is legally satisfactory at the time it is sent. *Id.* at 14. The Court in *Sarit* distinguished the cases cited by the claimant in support of his position that the notice provided was constitutionally defective, observing that in all of them the government knew at the time the notice was sent that it was likely to be ineffective. *Id.* at 15.

In our case, however, written notice was not sent to claimants' last known address, although the government knew it. The government did not act reasonably in electing to give notice of the pendency of this suit through publication when it had knowledge of claimants' residential and mailing address. As asserted in the forfeiture complaint, Customs and Immigration agents visited the business premises of Repuestos in the Dominican Republic as part of the government's investigation. Complaint, ¶ 15. The record also reflects that the government knew Repuestos' mailing address since administrative seizure proceedings preceded the forfeiture action. In these circumstances, serving notice by publication was not constitutionally adequate under *Mennonite Bd. of Missions,* 462 U.S. at 800, 103 S.Ct. at 2712.

For the reasons stated, request for entry of default (**docket entry 6**) and the motion to strike claim (**docket entry 9**) are **DENIED.** Claimants shall file their answer within fifteen (15) days after notice.

**SO ORDERED.**